UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND RAFAEL JOHNSON,            )
                                   )
          Petitioner,              )   Case No. 1:05-cv-782
                                   )
v.                                 )   Honorable Robert Holmes Bell
                                   )
UNITED STATES OF AMERICA,          )
                                   )   **MEMORANDUM OPINION**
          Respondent.              )
_____)

    The petitioner in this action, Raymond Rafael Johnson, is serving a prison sentence of 235 months, imposed by District Judge Benjamin F. Gibson in 1991. Petitioner seeks relief from his prison sentence under 28 U.S.C. § 2241 and 18 U.S.C. § 3582. In a report and recommendation filed on December 28, 2005, Magistrate Judge Joseph G. Scoville determined that petitioner has not alleged actual innocence, a necessary prerequisite under Sixth Circuit law for a federal prisoner to gain relief under section 2241. *See Paulino v. United States*, 352 F.3d 1056 (6th Cir. 2003). The magistrate judge further determined that the provisions of 18 U.S.C. § 3582 are inapplicable, because the Sentencing Commission has never promulgated a guideline amendment lowering the sentencing range applicable to petitioner. Petitioner has now filed a letter (docket # 4), which the court construes as an objection to the report and recommendation of the magistrate judge. This court affords *de novo* review to such objections. *See* FED. R. CIV. P. 72(b).

    Petitioner's objections do not meet the substance of the report and recommendation in any fashion. Rather, petitioner's letter represents to the court that Judge Gibson, at the time of

sentencing, expressed his regret that the guideline range was so high and expressed the opinion that a five-year sentence should be sufficient. Petitioner therefore asked this court to reform Judge Gibson's sentence to "carry out justice." Federal law does not authorize a court to reduce a sentence on the grounds advanced by petitioner. As petitioner has already brought an unsuccessful motion under section 2255, a showing of actual innocence is his only avenue for relief. Petitioner has not attempted to show innocence, but merely seeks a different sentence.

Upon *de novo* review of the report and recommendation of the magistrate judge, the court concludes that it represents an accurate analysis of the petition for habeas corpus relief. Petitioner's objections will therefore be overruled, and the court will deny the petition for the reasons set forth in the report and recommendation.

Dated:      January 19, 2006             /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT JUDGE